UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANDREA ZOJOURNER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 01-2358 (GK) |
| | : | |
| MICHAEL BROWN, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OPINION**

Plaintiff has filed a Motion for Attorney's Fees and Costs, along with a Supplemental Submission for time spent post-trial in this case. Upon consideration of the Motion and Supplemental Submission, the Government's Opposition and the Reply, as well as the entire record in this case, the Court concludes that the Motion should be **granted in part and denied in part**.

This Motion presents what is always one of the most difficult and unpleasant tasks for a trial judge. Plaintiff prevailed at trial and has submitted a fee petition requesting a very substantial amount of money, close to $350,000, for more than 900 hours of work. It is a particularly unpleasant task in this case because counsel for both the Plaintiff and the Government worked together cooperatively throughout the litigation so as not to waste any of the Court's time on ancillary matters, and tried this case in an extremely professional, efficient, civil, and cooperative fashion. In short, from this Court's perspective, this case has been handled in an excellent fashion. It is truly unfortunate that despite substantial efforts, counsel were unable to agree on the issue of attorney's fees.

Plaintiff brought a two-count Complaint against the Defendant in 2001 alleging gender discrimination in pay and retaliation. The Government was granted summary judgment on the first claim. Thus, only the claim of retaliation went to the jury. The trial itself, which began on May 26,

2004, lasted six days. The jury found for the Plaintiff on the retaliation count under Title VII and awarded Plaintiff $650,000 in non-economic damages. That amount was subsequently reduced to the statutory cap of $300,000 by virtue of a Motion for Remittitur filed by Defendant. Finally, after full briefing by the parties subsequent to trial, the Plaintiff was awarded back pay in the amount of $232,765.73. Plaintiff's counsel now seeks an award of $346,952.00 for a total of 913.1 hours spent on his client's claims.[1]

It is important to begin the necessary analysis of the fee petition by stating what is <u>not</u> in issue at this time.

1. The Government does not object to an award of fees in this case, nor does it contest the application of the <u>Laffey</u> Matrix[2] to the fee requested. Moreover, the Government does not contest Plaintiff's request that counsel receive fees at the highest per hour rate under <u>Laffey</u>, which is $380 per hour, in order to compensate for the long delay in payment. Plaintiff's counsel has been litigating this case since May, 2001, and such an adjustment is more than fair and reasonable. In short, the only issue – and it is a significant one – that the Government does contest is the number of hours which Plaintiff's lead counsel, Mr. Spekter, and his co-counsel, Mr. Plitt, devoted to this litigation. The Government proffers a number of objections which the Court will address <u>seriatim</u>.

2. The Government argues that the total number of hours claimed should be substantially reduced because Plaintiff's claim of gender discrimination was unsuccessful and fees spent on unsuccessful claims should not be awarded. The Government relies on the seminal case of <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983), where the Supreme Court spelled out the guidelines to be applied in fee award situations and explicitly addressed the scenario presented here:

---

[1]   That amount includes $1,138.00 in costs.

[2]   See <u>Laffey v. Northwest Airlines, Inc.</u>, 572 F. Supp. 354, 371 (D.D.C. 1983).

>   Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on his unsuccessful claim should be excluded in considering the amount of a reasonable fee. Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fees reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success, the District Court should award only that amount of fees that is <u>reasonable</u> in relation to the results obtained (emphasis added).

<u>Hensley</u>, 461 U.S. at 440. The Court recognized that "[e]valuation of the interrelatedness of several claims within a single lawsuit, and the legal work done on those claims, is most appropriately a task for the district court that heard and decided the case." <u>Id</u>., 461 U.S. at 453. In this case, that evaluation is fairly straightforward. Plaintiff is correct that the claim of gender discrimination in wage rates was inextricably intertwined with the retaliation claim. Indeed, the very letter that Plaintiff wrote to her superior which precipitated the retaliatory action made specific reference to her wage discrimination claims. It would be virtually impossible to have tried the retaliation claim, in a manner that was fully comprehensible to the jury, without having presented the factual background regarding the wage discrimination claim. No reduction of fees is appropriate when the unsuccessful claims are part and parcel of the underlying complaint, as they were in this case. <u>National Association of Concerned Veterans v. Secretary of Defense</u>, 675 F.2d 1319, 1332-33 (D.C. Cir. 1982).

  3. The Government also argues that the hours claimed by Plaintiff are unreasonable in comparison to other cases it cites in support of that argument. Fee petitions are very case-specific and therefore it is not particularly meaningful or helpful to compare results in different cases with different verdicts and different issues. What the Supreme Court and our Court of Appeals have made clear is that the overall award must be "reasonable in relation to the results obtained." <u>Hensley</u>, 461 U.S. at

440. However, the time that counsel spent performing his or her work is what a reasonable attorney would have spent on performing similar tasks of similar complexity and difficulty.[3]

At times, there is a real tension between these two standards. For example, in determining whether the number of hours spent was "reasonable," when a reasonable time expenditure by a conscientious lawyer far exceeds the amount awarded in a case, the final fee may appear "unreasonable." However, the Supreme Court has squarely ruled that "reasonable attorney's fees . . . are not conditioned upon and need not be proportionate to an award of money damages." City of Riverside v. Rivera, 477 U.S. 561, 576 (1986). In this case, where the Plaintiff obtained a total award of $882,765.73 (reduced to $532,765.73 because of the statutory cap), the amount of fees sought by plaintiff's counsel is not per se unreasonable.

Consequently, Defendant's request for an initial across-the-board reduction of 25 percent is not justified on either the facts of this case or the well-established case law.

4. Defendant identifies a number of discrete tasks where he believes the number of hours claimed are "grossly excessive." Opp., at 17. For example, Defendant argues that far too much time was spent on preparation of the Complaint, on preparation of the pre-trial statement and jury instructions, on preparation of Plaintiff's testimony, on preparation of the fee petition, on litigation of the back pay issue, on opposing the Remittitur in the face of absolutely clear case law in our Circuit, on email communications with the client, and in duplication of efforts between Mr. Spekter and Mr. Plitt. Some of these claims have merit and some do not.

The Court agrees that the number of hours devoted to preparation of the Complaint was somewhat high, the 97 hours devoted to the Opposition to the Motion for Summary Judgment were

---

[3] In calculating a "reasonable" fee award, the Court must multiply "the number of hours reasonably expended on the litigation . . . by a reasonable hourly rate." Hensley, 461 U.S. at 433 (emphasis added).

far too high, the 139.3 hours spent litigating the back pay issue were very high, the hours spent on the pre-trial statement and a relatively simple set of jury instructions were too high, the 61.6 hours spent on the fee petition were too high, and the opposition to the Government's Motion for Remittitur, as Plaintiff concedes, must be reduced.  Plaintiff has voluntarily agreed to withdraw her claim of $640 for service of process.  The Court does not find that the communication by email, which averages to only eight hours per year for lead counsel, was at all excessive, especially in light of Plaintiff's distance from her counsel.  The time spent on preparing Plaintiff to testify, which was 19.5 hours, was not excessive in light of the Plaintiff's fragile emotional condition and propensity to "over-testify."

The Court does not believe that there was duplication of effort between the work done by Mr. Spektor and Mr. Plitt.  Mr. Spekter handled this case totally alone from May, 2001 to March, 2004. He called on Mr. Plitt only when trial was imminent.  It is clear that Mr. Plitt worked extensively with Plaintiff herself, and helped with the difficult task of streamlining this case, so that the jury would not be overwhelmed with exhibits and extraneous facts.  Moreover, as most trial lawyers know, it is essential to have a second lawyer at counsel table, especially in a 6-day trial, to take notes, confer with the client while lead counsel is questioning witnesses, and maintain an overview of all the proceedings. Finally, it should be noted that there were at least two Government attorneys at counsel table throughout this hard-fought trial.

The Court concludes on the basis of this analysis of many different issues, and after making the voluntary reduction of $640 for service of process, and reducing the 8.9 hours spent on the Remittitur Motion to two hours, that a 10 percent reduction in Plaintiff's request for fees is appropriate and reasonable, yielding a total attorney's fees of $309,321.00.  This amount, while very substantial, takes into account that Plaintiff obtained the maximum jury award she could obtain under the statute, that she obtained an additional $232,765.73 in back pay, that it is "reasonable" in light of the total

result reached, and that it reflects the number of hours which an attorney working "in the trenches" and trying to conscientiously "cover all bases," would have reasonably spent litigating this case.

                                            /s/
                                            Gladys Kessler
                                            United States District Judge

September 6, 2005